# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 07-20167-14-KHV |
| ) | |
| EDWARD QUINCY POTTS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's [Motions For] Appointment Of Counsel [And Section] 3582 Reduction (Doc. #673 and #674) filed November 4, 2001. For reasons stated below, the Court overrules defendant's motions.

## Factual Background

On February 17, 2009, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #362). Defendant's total offense level was 29, with a criminal history category II, resulting in a guideline range of 97 to 121 months. Because the statutory minimum was 120 months under 21 U.S.C. § 841(b)(1)(A)(ii) (more than five kilograms of cocaine) and 21 U.S.C. § 841(b)(1)(A)(iii) (more than 50 grams of cocaine base), the sentencing range was 120 to 121 months in prison. Defendant objected to the calculation of drug quantity in the Presentence Investigation Report ("PSIR").[1] Because defendant's objections did not impact the statutory

---

[1] The PSIR determined that more than 13 kilograms of powder cocaine was attributable to defendant, well above the statutory minimum of five kilograms which was necessary to trigger
(continued...)

minimum sentence, the Court overruled defendant's objections as moot and sentenced defendant to 120 months in prison. See Judgment In A Criminal Case (Doc. #490) filed July 8, 2009.

**Analysis**

Defendant asks the Court to reduce his sentence under the Fair Sentencing Act of 2010 ("FSA"). See Pub. L. 11-220. In particular, he asks the Court to retroactively apply the FSA – which he asserts – lowers his sentencing guideline range.

**I.    Mandatory Minimum Sentence**

Effective August 3, 2010, the FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) to increase the amount of cocaine base needed to trigger the statutory mandatory minimum sentence of ten years from 50 grams to 280 grams. Defendant is not entitled to relief under this amendment, however, because he was also subject to a statutory mandatory minimum sentence of ten years based on his plea of guilty to an offense involving five kilograms or more of cocaine under 21 U.S.C. § 841(b)(1)(A)(ii). The FSA did not amend the mandatory minimum set forth for offenses involving five kilograms or more of powder cocaine.[2] The Court therefore overrules defendant's claim that

---

[1](...continued)
the mandatory minimum of 120 months. See PSIR ¶¶ 113, 119.

[2]    Even if defendant had only pled guilty to the offense involving 50 grams or more of cocaine base, he would not be entitled to relief. Congress did not make the statutory change related to cocaine base offenses retroactive. United States v. Reed, 410 Fed. Appx. 107, 111 (10th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, 131 S. Ct. 1706 (2011); see United States v. Wright, 412 Fed. Appx. 54, 55 n.1 (10th Cir. 2011); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010), cert. denied, 131 S. Ct. 1790 (2011). The "general savings statute," 1 U.S.C. § 109, requires federal courts to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. Reed, 410 Fed. Appx. at 111 (citing Carradine, 621 F.3d at 580).

his sentence should be reduced based on the amendment to the statutory minimum sentence for cocaine base offenses.

**II.    Sentencing Guideline Range**

Defendant apparently argues that the Court should re-sentence him because the FSA and subsequent amendments to the Guidelines lowered his sentencing guideline range.  A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range.  Because the Court sentenced defendant based on the statutory minimum, 21 U.S.C. § 841(b)(1)(A)(ii)-(iii), and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief.  See, e.g., U.S.S.G. § 1B1.10, cmt. 1(A) (statutory mandatory minimum sentence may prevent relief under Section 3582(c)(2)); United States v. Gonzales, 297 Fed. Appx. 810, 812 (10th Cir. 2008) (retroactive downward modification of offense level irrelevant where defendant sentenced based on statutory minimum); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (defendant not entitled to reduction under 18 U.S.C. § 3582(c)(2) where court sentenced him to statutory mandatory minimum and amendment did not impact statutory minimum).

Except in limited circumstances, the Court simply lacks authority to sentence a defendant below the statutory minimum.  Defendant does not allege that any exception applies here.  See, e.g., 18 U.S.C. § 3553(e) (reduction below statutory minimum for substantial assistance motion brought

under Section 3553(e)); 18 U.S.C. § 3553(f) (reduction permitted if (1) defendant has no more than one criminal history point, (2) violence or threat of violence not part of offense conduct, (3) offense did not result in death or serious bodily injury, (4) defendant was not organizer, leader, manager, or supervisor of others and not engaged in continuing criminal enterprise and (5) no later than time of sentencing hearing, defendant has truthfully provided all information and evidence defendant has concerning offense or offenses that were part of same course of conduct or of common scheme or plan).

**IT IS THEREFORE ORDERED** that defendant's [Motions For] Appointment Of Counsel [And Section] 3582 Reduction (Doc. #673 and #674) filed November 4, 2001 be and hereby are **OVERRULED**.

Dated this 21st day of November, 2011 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge