# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 07-20167-08-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| CHARLES R. SINGLETON, | ) | No. 11-2406-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 21, 2011, the Court overruled defendant's motion under 28 U.S.C. § 2255 as untimely. See Memorandum And Order (Doc. #676). This matter is before the Court on defendant's Motion For Reconsideration Asking The District Court To Amend The Judgment Denying Defendants 28.2225 And To Grant An Evidentiary Hearing (Doc. #679) filed December 7, 2011. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

The Court considers defendant's motion to reconsider under as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P. A party seeking to alter or amend a judgment pursuant to Rule 59(e) must establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert.

denied, 506 U.S. 828 (1992). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

**Analysis**

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. Defendant filed his Section 2255 motion more than one year after his conviction was final. Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling available only in rare and exceptional circumstances such as when prisoner "actually innocent"). To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Starr, 275 Fed. Appx. 788, 789 (10th Cir. 2008); see also Bousley v. United States, 523 U.S. 614, 623 (1998) (applying Schlup standard to Section 2255 motion). To be credible, a claim of actual innocence ordinarily must be supported with reliable new evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence. See Schlup, 513 U.S. at 324.

Here, defendant's "new evidence" of actual innocence is his repudiation of his sworn statements in the plea petition and at the change of plea colloquy.[1] Absent a believable reason

---

[1] At the change of plea hearing, defendant admitted that the object of the conspiracy was to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine. See Transcript Of Change Of Plea Hearing (Doc. #533) filed September 3, 2009 at 2, 5; see also id. at 7-8 (by pleading guilty,
(continued...)

justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (defendant's declaration at Rule 11 hearing carries strong presumption of verity); United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) (judges need not let litigants contradict themselves so readily; motion that can succeed only if defendant committed perjury at plea proceedings may be rejected out of hand unless defendant has compelling explanation for contradiction). In any event, defendant's argument lacks merit. Defendant asserts that when Locke called him on December 1, 2007 during a monitored phone call, Locke merely asked him for a ride and "during that conversation," they did not conspire to pick up drugs. Doc. #679 at 3. Defendant's argument goes to the sufficiency of the one phone call as evidence of his guilt, not his actual innocence of the conspiracy charge.[2] See Bousley, 523 U.S. at

---

[1](...continued)
defendant admitted all facts alleged in charge); id. at 8-9 (defendant understood that he was subject to minimum term of 10 years in prison). In his plea petition, defendant admitted that on December 1, 2007, he drove co-defendant Boytina Locke to a residence for the purpose of making an illegal drug transaction with other co-defendants. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #335) filed February 13, 2009 ¶ 5. In the plea agreement, defendant admitted that on other occasions, Locke had distributed cocaine and/or crack cocaine to him. See Plea Agreement ¶ 3, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #335).

[2] Defendant does not dispute the physical evidence which links him and Locke as co-conspirators: he drove Locke to a drug transaction and when officers arrested defendant, he had $32,000 in his car and a loaded .40 caliber Glock in the waistband of his pants. The PSIR notes that Locke told Confidential Source #1 that the money which officers seized from defendant was to be used to purchase of one and a half kilograms of cocaine. See PSIR ¶ 82. The PSIR also notes that Confidential Source #3 knew defendant "to be a kilogram at a time customer." See id., ¶ 96.
(continued...)

623 (actual innocence means factual innocence, not mere legal insufficiency); Sawyer v. Whitley, 505 U.S. 333, 339 (1992) (same); see also United States v. Chapman, 220 Fed. Appx. 827, 831 (10th Cir. 2007) (recanting prior guilty plea insufficient to show actual innocence). For these reasons, the Court overrules defendant's motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration Asking The District Court To Amend The Judgment Denying Defendants 28.2225 And To Grant An Evidentiary Hearing (Doc. #679) filed December 7, 2011 be and hereby is **OVERRULED**.

Dated this 13th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2](...continued)
Defendant has not shown that in light of "new" evidence, more likely than not, no reasonable jury would have convicted him. See Schlup, 513 U.S. at 327.